IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNA GUZMAN,                                         CASE NO.:

        Plaintiff,

vs.

PHH MORTGAGE CORPORATION,

        Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant, PHH MORTGAGE CORPORATION ("PHH"), gives notice of the removal of this action from the Circuit Court in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. As grounds in support of this removal, PHH states as follows:

### I. INTRODUCTION

1. Plaintiff, Anna Guzman ("Plaintiff") commenced this action by filing a Complaint against PHH in the Circuit Court in and for Orange County, Florida, Case No. 2021-CA-07372-O on or about July 27, 2021.

2. Plaintiff's Complaint asserts claims against PHH relating to PHH's allegedly improper collection of a debt. [*See generally* Complaint.]

3. Based on these allegations, Plaintiff attempts to assert a federal law claim against PHH under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*

("FDCPA"). Plaintiff is also asserting state law claim under the Florida Consumer Collections Practices Act, Fla. Stat. 559.72(9) ("FCCPA").

4.   This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5.   Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.   This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against PHH based upon alleged violations of the FDCPA, which are federal consumer protection statutes. [*See* Complaint; *see also* 15 U.S.C. §§ 1692, *et seq*.] Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

7.   The fact that Plaintiff has also asserted a count under the Florida Consumer Collection Practices Act ("FCCPA") does not destroy the Court's federal

question jurisdiction. The FCCPA claim is based on the same alleged facts as Plaintiff's FDCPA claim and forms "part of the same case or controversy" as the FDCPA claim. Therefore, the Court has supplemental jurisdiction to consider Plaintiff's FCCPA claim. *See Wisconsin Dept. of Correction v. Schacht*, 524 U.S. 381, 387 (1998); *see also* 28 U.S.C. § 1367.

### III. ADOPTION AND RESERVATION OF DEFENSES

8. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of PHH's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. PROCEDURAL REQUIREMENTS

9. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

10. Pursuant to 28 U.S.C. § 1446(a), PHH has attached hereto a copy of all pleadings, process, orders, and other papers or exhibits of every kind, now on file in the state court.

11. PHH was served with process on August 9, 2021. Because PHH removed within the time frame set forth in 28 U.S.C. § 1446, this removal is timely.

12. Contemporaneously with the filing of this notice of removal, PHH has filed a copy of same with the Clerk of the County Court in and for Orange County, Florida and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

13. PHH reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, PHH prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

Respectfully submitted this 8th day of September, 2021.

/s/ Michael Smith
Reid S. Manley (FL Bar: 11612)
*Email: rmanley@burr.com*
Michael Smith (FL Bar: 88831)
*Email: mwsmith@burr.com*
*Secondary Email:nwmosley@burr.com*
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2021, I electronically filed the foregoing with the Clerk of Court, which will send an electronic service copy to:

J. Marshall Gilmore, Esquire
J. Marshall Gilmore, P.A.

125 East Merritt Island Causeway
Suite 107 – 340
Merritt Island, FL 32952
Telephone: (321) 591-9922
Email:  mgilmore@mgilmorelaw.com

            */s/ Michael Smith*
            Michael Smith (FL Bar: 88831)